643 N.W.2d 212 (2002)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Ruperto URIOSTEGUI, Defendant-Appellant.
Docket No. 119962, COA No. 233463.
Supreme Court of Michigan.
April 9, 2002.
On order of the Court, the delayed application for leave to appeal from the July 18, 2001 decision of the Court of Appeals is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we REMAND this matter to the Oceana Circuit Court for further consideration of the circumstances surrounding, and an explanation of the reasons for, its entry of the January 30, 2001 order granting the motion to withdraw of appointed counsel, David G. Grunst of Acme.
The record discloses that pursuant to this Court's order, 461 Mich. 907, 603 N.W.2d 784 (1999), defendant was resentenced on February 22, 2000. Despite the circuit court's appointment of counsel on March 7, 2000, and the fact that, pursuant to MCR 7.205(F)(3), the time for seeking appellate review would expire on February 22, 2001, nothing of record occurred subsequent to the appointment until counsel filed a motion to withdraw on January 30, 2001, which the circuit court granted the same day without defendant receiving prior notice or an opportunity to respond. The record further discloses that prior to this Court ordering resentencing, the circuit court similarly granted another appointed attorney's motion to withdraw one week before expiration of the one year deadline in MCR 7.205(F)(3) without explanation or prior notice to defendant.
On remand, the circuit court shall direct attorney Grunst to file an affidavit, with a copy to be served on the defendant, detailing his actions on behalf of defendant, including any and all correspondence from and with the defendant and the State Court Administrator, and an explanation of the putative grounds to withdraw. The defendant must be given an opportunity to file an affidavit in response. The circuit court shall take such other steps necessary to inquire into the circumstances surrounding and the reasons for attorney Grunst's belated withdrawal without defendant receiving prior notice and an opportunity to respond. The circuit court is further directed to explain the reasons for twice granting the belated motions of appointed attorneys to withdraw without giving defendant prior notice and an opportunity to respond. The circuit court shall make findings of fact and conclusions of law to be forwarded to the Clerk of this Court within 45 days of this order.
We retain jurisdiction.